# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7754 | **DATE** | 3/28/2001 |
| **CASE TITLE** | James Brown vs. James Knapp | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: Defendants' summary judgment motion [18-1] is granted in part and denied in part. This case is set for status on 4/24/2001 at 9:00 a.m. to schedule proceedings consistent with this opinion.**
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 29 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 31 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES BROWN,

    Plaintiff,

v.

JAMES KNAPP, individually and as a
Markham Police Officer, Other unnamed
Markham Police Officers, and the CITY
OF MARKHAM

    Defendants

NO. 98 C 7754

Judge Andersen
Magistrate Keys

## MEMORANDUM, OPINION, AND ORDER

Plaintiff, James Brown, brings this action under 42 U.S.C. § 1983. This case is before the Court on the Fed.R.Civ.P.56 motion for summary judgment brought by defendants James Knapp and the City of Markham. For the following reasons the motion is denied with respect to the Fourth Amendment and Due Process claims and granted with respect to the Monell claim against the City of Markham.

## BACKGROUND

On December 5, 1996 Defendant, Officer James Knapp and other Markam police officers searched the residence of Plaintiff, James Brown pursuant to a search warrant. The warrant allowed for the seizure of Georgia Pacific windows, articles and documents related to the windows and proof of residence. The day before, Royal Builders, a construction company reported the theft of 50 windows from its rear yard. Officer Knapp received a confidential tip

1

that David and Jerome Needom stole several windows from Royal Builders and took them to the residence of their relative, James Brown. When the search warrant was executed Knapp seized additional items to those listed in the search warrant. These items were two weapons and additional construction equipment including a Briggs and Staton water pump, band saw model #213, Honda 5 5HP industrial air compressor, Honda water pipe, abrasive cut saw, Briggs and Staton asphalt stripper, concrete drill, power master strip nailer, speedaire air compressor, fast air gun hammer, four electric extension cords, and a portable generator. Knapp contends that the additional items were seized because they matched the general description of items which had been reported as stolen in the police reports reviewed by Knapp prior to the execution of the search warrant and because they were stored with other items which had been reported as stolen.

Subsequent to the search, Officer Knapp prepared a search warrant inventory itemizing what was seized. Brown was subsequently charged with possession of stolen property with regard to the windows only. During the pendency of the criminal case against Brown, Knapp reviewed police files reporting thefts of construction equipment, contacted agents of various construction companies, and obtained from them positive identification of certain of the seized items. These positively identified items, including a Briggs & Stratton water pump, a Honda water pump, and a Hilti drill, were returned to their respective owners. The remaining items to which positive identification could not be assigned include two weapons, a tile cutter, a gray air compressor, a Honda air compressor, a portable generator, a Milwaukee chop saw, a Passloader nail gun, a Duo Fast air nail gun, various extension cords, and a Black & Decker asphalt striper. These items were stored in the Markham Police Department Inventory Room.

The criminal charges were ultimately dropped by the State. On June 30, 1998 Brown

made a motion for the return of the property which was not identified in the search warrant. Brown also filed a motion to suppress the evidence of the windows on the basis that Officer Knapp exceeded the scope of the search warrant by seizing equipment not listed on the warrant. That motion was denied, but the court ordered that Officer Knapp return all of the items not specifically tied to a crime with which Brown was charged.

Brown and Knapp met at the police department for the purpose of returning the equipment to Brown. There is some dispute as to exactly what ensued at this time, however, it is clear that only some of the equipment was presented for return. Brown has filed the instant action alleging that the seizure of items not listed on the search warrant was without probable cause, in violation of his Fourth Amendment rights. Furthermore, Brown alleges that since he was not given a hearing to determine whether these additional items should be returned, his due process rights were violated. Finally Brown alleges that the City of Markham has failed to discipline, train, and supervise its police officers.

## DISCUSSION

### I. Summary Judgment Standards

A movant is entitled to summary judgment when the moving papers and affidavits show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue for trial exists only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court must view all the evidence in the light most favorable to the party opposing the motion, Valley Liquors, Inc v. Renfield Importers, Ltd., 822 F.2d 656, 659 (7th Cir.), and draw all inferences in the

nonmovant's favor. Santiago v. Lane, 894 F.2d 218, 221 (7th Cir. 1990). Once a moving party has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial. Fed. R.Civ. P. 56(e); Becker v. Tenenbaum-Hill Assoc., Inc., 914 F.2d 107, 110 (7th Cir. 1990). The nonmoving party must support its assertions with admissible evidence and may not rest upon the mere allegations in the pleadings or conclusory statements in affidavits. Celotex, 477 U.S. at 324. Additionally, Federal Rule 56(c) mandates summary judgment when the nonmoving party fails to establish the existence of an element essential to its case and on which that party will bear the burden of proof at trial. A mere scintilla of evidence will not suffice to defeat a motion for summary judgment. Anderson, 477 U.S. at 252. Furthermore, the general standard for summary judgment cases is applied with added rigor where intent is inevitably the central issue. McCoy v. WGN Continental Broadcasting Co., 957 F.2d 368, 371 (7th Cir. 1992). We keep these standards in mind as we examine the motion before us.

A. Judicial Estoppel

The thrust of the defendants' judicial estoppel argument is that, in an earlier bankruptcy proceeding, Brown denied ownership of any firearms machinery and equipment used in business. Thus, defendants argue that he may not now claim a possessory interest in the seized property. Judicial estoppel is appropriate when: (1) the later position is clearly inconsistent with the earlier position; and (2) the party to be estopped convinced the first court to adopt its position. Ezekiel v. Michel 66 F.3d 894, 904 (7th Cir. 1995). Furthermore, the doctrine is generally only applicable where there are "successive litigations arising from the same factual circumstance[s]." Id.

In this case, Knapp has failed to show that the bankruptcy litigation and this litigation

4

arose from the same factual circumstances and thus summary judgment is inappropriate on judicial estoppel grounds. Furthermore, there remains an issue as to whether Brown is arguing clearly inconsistent positions with respect to whether he has a possessory interest in the items seized. In the bankruptcy petition, Brown marked "none" in the space which inquired as to whether he owned any machinery equipment used in business. Brown now claims a possessory interest in several specific items some of which he argues were obtained subsequent to the bankruptcy proceeding. Although these positions are at first glance seemingly inconsistent, it is undetermined which specific items were owned prior to the filing of bankruptcy proceeding. Therefore, there exists an issue of material fact as to whether Brown's claims are judicially estopped, and summary judgment is inappropriate on this ground.

B.   Fourth Amendment

Defendants argue that the seizure of the additional items not specifically listed in the warrant was subject to the plain view exception of the Fourth Amendment. A seizure falls within the plain view exception if: (1) the officer is legally on the premises; (2) the item is in plain view; and (3) the incriminating character of the item is "immediately apparent." Horton v. California, 496 U.S. 128, 136 (1990). Brown does not argue that the officers were unlawfully on the premises, nor does he argue that the items seized were not in plain view. Rather, it is the incriminating nature of the items which is disputed. Defendants argue that the incriminating nature of the additional items of construction equipment was immediately obvious because they were in the same general character of items which Officer Knapp had seen identified in police reports reviewed prior to executing the search warrant. Brown disputes this and argues that, without precise identification such as serial numbers tied specifically to police reports, there was

5

no probable cause to seize the items not listed in the warrant.

From the incomplete record currently before this Court, we cannot determine with certainty whether seizure of any of the items falls within the plain view exception of the Fourth Amendment. It is unclear what specific items are in dispute and whether the incriminating nature of them was apparent.

However, this is not the end of the inquiry. Under the doctrine of qualified immunity, police officers will be "shield[ed] from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987). Qualified immunity will protect an officer who reasonably, but mistakenly, believes that probable cause existed. Burns v. Reed, 44 F.3d 524, 529 (7th Cir. 1995). Thus, the determination to be made at the summary judgment stage is whether Officer Knapp had any reasonable basis to believe that probable cause existed to seize the items not listed in the warrant. Biddle v. Martin, 992 F.2d 673, 676 (7th Cir. 1993).

Again, from the sketchy record before us, we cannot determine whether Officer Knapp had a reasonable basis to believe that probable cause existed and, if so, for which items. Because the issue of qualified immunity is a question of law for the Court to decide and not a jury, we believe that a hearing is necessary to resolve this issue. See, e.g., Henderson v. DeRobertis, 940 F.2d 1055, 1058 (7th Cir. 1991). Summary judgment is thus inappropriate on the Fourth Amendment claim at this time.

C. Due Process

The next issue is whether summary judgment is appropriate with respect to the failure to return the seized construction equipment. The Due Process Clause of the Fourteenth

Amendment prohibits the deprivation of personal property without "notice, an opportunity to respond, and a meaningful opportunity to be heard." People v. Braden, 611 N.E.2d 575, 579; 243 Ill.App.3d 671 (Ill.App.2nd Dist. 1993). As discussed above, an officer will be protected from liability by qualified immunity when a reasonable officer in his place could have believed his actions were consistent with a constitutionally protected right.

In this case, Brown was never charged with any offenses in connection with the construction equipment and four years have passed since the equipment was seized. Likewise, Brown argues that some of the equipment no longer remains under the control of the department because it has been given away. Officer Knapp contends that the equipment was held initially in order to determine whether it was connected to illegal activity and whether there was cause to charge Brown with a crime in connection with the items. However, during the 1998 hearing on the criminal charges the court instructed Officer Knapp to return the items to Brown. Officer Knapp did meet Brown thereafter at the police department in order to return the items. Nonetheless there is a difference of opinion between the parties as to whether all of the items not connected to a crime were presented and whether the items presented were the correct ones. In light of these disputes it is unclear whether Brown was deprived of his own personal property and, if so, which property. Moreover, issues of fact also exist as to whether Officer Knapp is entitled to qualified immunity on this claim, as mentioned above. Therefore, summary judgment is not appropriate with respect to the due process claim at this time, and these issues will be more fully addressed in a hearing before this Court.

D.  The Monell Claim

To impose liability under § 1983 on the City, a plaintiff must prove that the constitutional

deprivation was caused by an official municipal policy or custom. Oklahoma City v. Tuttle, 471 U.S. 808, 105 S.Ct. 2427, 2433 (1985); Monell v. Department of Social Services, 436 U.S. 658 (1978). To establish a municipal policy or custom, plaintiff must allege a specific pattern or series of incidents that support the general allegation of a custom or policy. In other words, alleging one specific incident in which the plaintiff suffered a deprivation will not suffice. Hossman v. Blunk, 784 F.2d 793, 796-97 (7th Cir.1986); Strauss v. City of Chicago, 760 F.2d 765, 767-69 (7th Cir.1985). To establish such a pattern, Brown offers the affidavit and criminal proceeding record of Joseph Mobley, whose residence was searched by Knapp on the same day as his own. Mobley's situation, as alleged, is substantially the same as Brown's in all relevant respects. Various items of construction equipment were seized from his home while police were looking for the windows listed in the warrant. Moreover, he was indicted for possession of one of the items, and the charges were later dismissed.

This claim fails to raise an issue of a pattern of unconstitutional violations in two respects. First, the municipality must have been on notice of a prior violation or series of violations at the time of the complained of violation and subsequent conduct cannot be used to establish liability. Here, the searches took place on the same day. Therefore, it cannot be derived from this that the municipality had knowledge of a violation at the time of the alleged illegal seizure of Brown's property. Second, both acts complained of were committed by the same person, Officer Knapp. It is established law that a Monell claim cannot be based on a theory of respondeat superior. In Powe v. City of Chicago, 664 F.2d 639, 651 (7th Cir. 1981), the court took note of the fact that an improper arrest warrant was prepared by "various employees of separate departments of the defendants' law enforcement agencies" in finding a Monell violation.

8

Here Brown fails to raise an issue as to whether anyone other than Knapp participated in the alleged violation. Therefore, summary judgment is appropriate with respect to the <u>Monell</u> claim against the City of Markham, and judgment is entered in favor of the City of Markham.

## CONCLUSION

For these reasons, defendants' summary judgment motion is granted in part and denied in part. Summary judgment is granted in favor of the City of Markham on all claims. The motion for summary judgment is denied in all other respects. This case is set for status on April 24, 2001 at 9:00 a.m. to schedule proceedings consistent with this Opinion.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: March 28, 2001